**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RODNEY B. ALLEN, #28935-077,** ) | |
| Movant-Defendant, ) | |
| vs. ) | No. 3:96-CR-256-K (BH) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent-Plaintiff. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251,* before the Court is the defendant's motion to vacate the judgment in this criminal case, received on April 28, 2015 (doc. 108). Based on the relevant filings and applicable law, the post-judgment motion should be construed as a successive motion to vacate under 28 U.S.C. § 2255 and transferred to the Fifth Circuit Court of Appeals.

**I. BACKGROUND**

Rodney B. Allen (Movant) was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). (doc. 59.) By judgment dated April 2, 1997, he was sentenced to 293 months of incarceration, to be followed by a five-year term of supervised release. (doc.67.) His conviction and sentence were affirmed on direct appeal. *United States v. Allen,* 136 F.3d 137 (5th Cir. 1998). The Supreme Court denied his petition for writ of certiorari. *Allen v. United States*, 523 U.S. 1065 (1998).

On July 25, 2005, Movant filed a *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* to challenge his federal conviction and sentence. (doc. 85.) On December 22, 2005, it was recommended that the § 2255 motion be dismissed as barred by the statute of limitations. (doc. 96.) The Court overruled Movant's objection, accepted the recommendation, and dismissed the § 2255 motion as time-barred by judgment dated January 17, 2006. (docs. 97, 98, 99.) Movant appealed, and the Fifth Circuit denied him a certificate of appealability on June 3, 2009.

*In re: Rodney Bernard Allen,* No.09-10384 (5th Cir. 2009); (doc. 107). Almost six years later, he filed this post-judgment motion.

## II. RULE 60(d)(3)

Movant expressly seeks relief from the criminal judgment in his case under Rule 60(d)(3) and *Hazel-Atlas Glass*, 322 U.S. 238, 248-49 (1944). (doc. 108 at 2-3.)

Rule 60(d)(3) of the Federal Rules of Civil Procedure provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court."

> Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace [s] ... the species of fraud which does or attempts to [ ] defile the court itself." *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.1989).

*Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (internal footnote omitted). *Hazel-Atlas Glass* recognized a court's inherent power to vacate a judgment obtained by fraud. Courts are given wide discretion in determining whether relief should be granted under Rule 60(d)(3) based on fraud. *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011). Petitioner has not alleged or provided any evidence to support the required level of egregious misconduct for relief under this rule.

Moreover, in *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive § 2254 habeas petition. *Gonzalez* applies with equal force in the § 2255 context. *See United States v. Bain*, No. 07-31162, 2009 WL 320702, at *2 (5th Cir. Feb. 10, 2009); *United States v.Williams*,

274 Fed. App'x 346, 347 (5th Cir. 2008).

Although the Fifth Circuit has not addressed this specific issue, the Tenth Circuit has found that a motion under Rule 60(d)(3) and *Hazel-Atlas Glass* that asserts grounds of error in the prisoner's conviction is properly construed as a second-or-successive § 2255. *See United States v. Baker,* 718 F.3d 1204, 1206 (10th Cir. 2013).

> As in this case, the petitioner in Baker relied upon *Hazel–Atlas Glass,* where the United States Supreme Court held that a federal court possesses inherent power to vacate a judgment obtained by fraud on the court. The court held, however, that the fact that the petitioner labeled his motion as one brought under *Hazel–Atlas* and Rule 60(d)(3) did not change the analysis used to determine if his pleading is an unauthorized second or successive § 2255 motion, and that, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." The court went on to explain that a motion alleging fraud on the court in a federal habeas proceeding constitutes a true Rule 60(b) motion, while a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second or successive collateral attack "because it asserts or reasserts a challenge to the defendant's underlying conviction."

*United States v. Graham,* Nos. 07-40048-JAR, 10-4022-JAR, 2013 WL 6000003, at *1 (D. Kan. Nov. 12, 2013) (citations and footnotes omitted); *see also Blackwell v. United States*, No. 4:99-CV-1687 CAS, 2014 WL 340231, at *9-10 (E.D. Mo. Jan. 30, 2014) (noting that a federal criminal defendant could not "evade the AEDPA's limitation on filing successive habeas corpus actions by titling this action as one falling under Rule 60(d)(3)")(quoting *Williams v. Dormire,* No.4:10-CV-1413 CAS, 2010 WL 3270111, (E.D. MO. Aug. 17, 2010); *United States v. Combs*, No. Crim. A 04-54-DCR, 2011 WL 3880494, *14 (E.D. Ky. June 17, 2011) (construing Rule 60(d)(3) motion as a second § 2255 motion), *rep. and rec. adopted*, 2011 WL 3880496 (E.D. Ky. Aug. 26, 2011).

Here, Movant does not allege fraud on the court in his 2005 federal habeas proceeding. Rather, he complains that his arrest and underlying conviction were illegal, and that he was subjected to prosecutorial misconduct. (doc. 108 at 6, 13-16.)  His motion must therefore be

3

construed as a successive motion to vacate under § 2255.

### III. SUCCESSIVE § 2255 MOTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

As noted, Movant has already filed a § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* movant was required to present all available claims related to her conviction or sentence in her first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in his prior motion, which was denied as time-barred. Because he now raises claims that he could have raised in his earlier motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303

4

Fed. App'x 241 (5th Cir. Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction.

### IV. RECOMMENDATION

The motion for relief from judgment should be **CONSTRUED** as a successive motion to vacate under 28 U.S.C. § 2255 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this criminal case; (2) open a new habeas case for administrative purposes

only; (3) file the post-judgment motion as a § 2255 motion to vacate filed April 28, 2015 in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation , and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 8th day of May, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE